```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


CHARLES HAGEE                    *
                                 *
v.                               *
                                 *    Civil Action No. WMN-09-427
MAYOR AND CITY COUNCIL OF        *
BALTIMORE et al.                 *
                                 *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM

Plaintiff filed this action on February 22, 2009, alleging that Defendant Mayor and City Council of Baltimore (the City) and Defendant Frederick H. Bealefeld, the Commissioner of the Baltimore City Police Department (BPD), violated his constitutional and statutory rights in various ways that will be set forth below.  Plaintiff filed an amended complaint five days later.  From what the Court can discern from a comparison of the original complaint and the amended complaint,[1] the purpose of the amendment was to clarify that he also intended to name the BPD as a defendant and to reduce his prayer for damages from $5,000,000.00 in compensatory damages and $45,000,000.00 in punitive damages," Compl., Prayer for Relief (c), to $3,000,000.00 in compensatory damages and $6,999,000.00 in punitive damages.  Am. Compl., Prayer for Relief (c).  In response to a motion to dismiss

---

[1]  Plaintiff failed to comply with Local Rule 103.6.d which requires that amended pleadings be accompanied by a copy of the pleading indicating the changes that were made.

filed by the City, Plaintiff filed a notice voluntarily dismissing that defendant on June 22, 2009.

On November 24, 2009, Plaintiff filed a motion for entry of default judgment as to the remaining defendants. Bealefeld and the BPD opposed that motion on November 25, 2009, noting that Plaintiff had failed to properly serve them. With the opposition to the motion for default judgment, Defendants also filed a motion to dismiss. Paper No. 12. Plaintiff has failed to oppose the motion to dismiss, and the time for doing so has expired. Upon review of the motion, and in the absence of any response by Plaintiff, the Court determines that the motion to dismiss should be granted.

This action arises out of an incident that occurred on October 4, 2004. Plaintiff, a BPD officer, was engaged in secondary employment at a parking garage. After his shift at the garage was finished, and while he consumed some alcoholic beverages with the manager of the garage, Plaintiff received a call on his personal cell phone from a confidential source requesting his immediate assistance. Because that confidential source was located nearby, Plaintiff traveled to her location. Apparently, the confidential source also called 911 and reported an emergency situation. Plaintiff, while at the scene, heard the call and responded by radio that he would handle the call.

Another police unit reported that it would respond to provide backup and arrived shortly after Plaintiff. For reasons not apparent in the Amended Complaint, the other responding officers became suspicious that Plaintiff was the possible subject of the 911 call and began to direct their attention to him. As the situation developed, Plaintiff was escorted from the building and questioned. Believing that he was now the subject of a criminal investigation, Plaintiff invoked his Fifth Amendment right against self incrimination and refused to answer questions. Plaintiff was later transported under guard to the Northern District Police Station where he was subjected to a breath analysis test. Plaintiff requested that he be permitted to speak with counsel before taking the breath test but that request was denied. By the end of this incident, Plaintiff was informed that he was suspended, with pay, although no administrative charges were brought against him within one year of the incident as required under the Law Enforcement Officers Bill of Rights (LEOBOR). More than a year later, however, on February 23, 2006, Plaintiff was informed that he was suspended because of the October 4, 2004, incident.

In the Amended Complaint, Plaintiff alleges that his Fifth Amendment rights were violated in that he was ordered and forced to give an incriminating statement to other BPD officers and police supervisors. He also contends that those rights were

violated when he was forced to submit to a breath analysis test against his will.  Plaintiff alleges that his Sixth Amendment rights were violated when he continued to be questioned despite his requests to speak with counsel.  Finally, Plaintiff alleges that his rights under LEOBOR were violated in that discipline was imposed against him more than one year after the incident upon which that discipline was based.

Bealefeld and BPD have moved to dismiss the Amended Complaint, in its entirety, on numerous grounds.  Defendants assert, inter alia, that Plaintiff's constitutional claims are barred by the applicable statute of limitations and that Plaintiff's LEOBOR claim is barred due to Plaintiff's failure to comply with the statutory notice provisions of the Local Government Tort Claims Act (LGTCA).  The Court finds these reasons sufficient to compel the dismissal of the entire Amended Complaint.[2]

Plaintiff is asserting his constitutional claims through 42 U.S.C §§ 1983 and 1985.  Because these statutes specify no limitations periods, federal courts turn to the state law for statutes of limitations.  Burnett v. Grattan, 468 U.S. 42, 47 (1984).  The proper limitations period in Maryland for actions under 42 U.S.C. §§ 1983 and 1985 is three years, as provided by

---

[2] Several of the other grounds raised in the motion to dismiss would also provide a basis upon which to grant the motion.

4

Md. Ann. Code, Cts. & Jud. Proc. § 5-101.  See Grattan v. Burnett, 710 F.2d 160, 162 (4th Cir. 1983).  Here, the alleged violation of Plaintiff's constitutional rights occurred on October 4, 2004, so he would have had until October 4, 2007, to assert his claims arising from this incident.  His Complaint was not filed until February 22, 2009, more than a year out of time.

As to Plaintiff's LEOBOR claim, the LGTCA provides that ". . . an action for unliquidated damages may not be brought against a local government or its employees unless the notice of the claim required by this section is given within 180 days after the injury."  Md. Code Ann., Cts. & Jud. Proc., § 5-304(a).  The LGTCA further requires that a claimant's notice "be in writing and . . . state the time, place and cause of the injury."  Id. at § 5-304(b)(3).  In addition, compliance with the statute is considered a substantive element of a cause of action that should be alleged in the complaint.  See Carter v. Jess, 179 F. Supp. 2d 534, 541 (D. Md. 2001).  While the notice requirement may be waived if the plaintiff can show good cause for failure to comply, and if the defendant cannot demonstrate prejudice therefrom, Md. Code Ann., Cts. & Jud. Proc. § 5-304(c), Plaintiff has alleged neither compliance with the statutory notice provisions nor good cause for his failure to comply.  Accordingly, Plaintiff's LEOBOR claim must be dismissed.

For these and other reasons, the Court finds that all of Plaintiff's claims against Defendants Bealefeld and BPD should be dismissed.  A separate order will issue.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: December 22, 2009